IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE: ETHICON, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | Master File No. 2:12-MD-02327<br>MDL 2327<br><br>JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE |
| THIS DOCUMENT RELATES TO:<br><br>*Dawna Mallow v. Ethicon, Inc., et al.*<br><br>Case No. 2:16-cv-08013 | |

**PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANTS ETHICON, INC. AND JOHNSON & JOHNSON'S NOTICE OF DEPOSITION OF DR. DONALD OSTERGARD**

Plaintiff objects to the document requests in Defendants' Deposition Notice of Dr. Donald Ostergard for the reasons set forth below.

Plaintiff objects to each and every Document Request on the grounds that they exceed the permitted number of requests for production of documents as set forth in this Court's Pretrial Order #337.

1

## I. DOCUMENT REQUESTS

1.     All Documents, including but not limited to calculations, correspondence, data, calendar entries, notes and other materials, reflecting the compensation to be paid to You for study and testimony in this case.

**RESPONSE:**

Plaintiff objects on the grounds that this request is overly broad, unduly burdensome, and beyond the scope of discovery permitted with respect to expert witnesses. *See* FED. R. CIV. P. 26. Subject to and without waiving these objections, Plaintiff will produce bills generated to date for this case.

2.     All Documents, including but not limited to calculations, correspondence, data, calendar entries, notes and other materials, reflecting the compensation a) paid to You to date; and b) due to be paid to You once a bill is prepared for Your study and testimony, in connection with providing expert opinions in any pelvic mesh litigation in the last four years, in which You have been submitted a report and/or been disclosed as an expert witness for a plaintiff.

**RESPONSE:**

Plaintiff objects on the grounds that this request is overly broad, unduly burdensome, beyond the scope of discovery permitted with respect to expert witnesses and seeks information that is not relevant to this case. *See* FED. R. CIV. P. 26. Plaintiff also objects that this request exceeds the scope of permissible discovery as set forth in this Court's Pretrial Order #337, which limits this deposition to case specific matters. Plaintiff objects to producing documents, including billing, regarding any Plaintiff other than Ms. Mallow. Such documents are not within the possession, custody or control of Ms. Mallow, and Dr. Ostergard is not authorized by his other clients to produce their documents. Plaintiff will produce bills generated to date for this case, if any exist.

3.   A copy of an up-to-date Curriculum Vitae.

**RESPONSE:**

Plaintiff refers Defendants to Plaintiff's Designation and Disclosure of Case-Specific Expert Witnesses and the attachments and supplementations thereto previously produced.

4.   If not included in Your up-to-date Curriculum Vitae, a complete list of Your publications, including but not limited to treatises, articles, journals, editorials, texts, abstracts, CLE or CME materials, PowerPoints, and seminar materials.

**RESPONSE:**

Plaintiff objects on the grounds that this request is overly broad, unduly burdensome, and beyond the scope of discovery permitted with respect to expert witnesses, with respect to time frame and scope (*e.g.*, CLE or CME materials, PowerPoints, and seminar materials). *See* FED. R. CIV. P. 26. Subject to and without waiving the foregoing objections, Plaintiff refers Defendants to Plaintiff's Designation and Disclosure of Case-Specific Expert Witnesses and the attachments and supplementations thereto previously produced.

5.   A complete list of all other cases in which You have testified as an expert or by deposition in the last four years.

**RESPONSE:**

Plaintiff refers Defendants to Plaintiff's Designation and Disclosure of Case-Specific Expert Witnesses and the attachments thereto previously produced.

6.   Copies of all medical records on the Plaintiff in Your possession.

**RESPONSE:**

Plaintiff objects on the grounds that this request is overly broad, unduly burdensome, and beyond the scope of discovery permitted with respect to expert witnesses. *See* Fed. R. Civ. P. 26. Plaintiff objects to producing these records at the deposition because they have been identified in the report in this case, and are either already in Defendant's possession, custody or control or are available to defendants via authorizations previously provided. Subject to and without waiving the foregoing objections, a complete list of the records provided to Dr. Ostergard is attached as Exhibit "A" hereto.

7.   Copies of any deposition testimony relating to this case in Your possession.

**RESPONSE:**

Plaintiff objects on the grounds that this request is overly broad, unduly burdensome, and beyond the scope of discovery permitted with respect to expert witnesses. *See* Fed. R. Civ. P. 26. Subject to and without waiving the foregoing objections, Plaintiff states that Dr. Ostergard has been provided with Ms. Mallow's deposition transcript. Plaintiff objects to producing a copy of the transcript of her deposition because it is already in Defendants' possession, custody, or control.

8.   All Documents, including but not limited to graphics, testing, recordings, spreadsheets, databases, data in any other form, work papers, and notes, whether preliminary or final, prepared by or at Your direction reflecting facts, factual assessments or assumptions, beliefs, or medical information on the Plaintiff relating to Your opinions in this case.

**RESPONSE:**

Plaintiff objects on the grounds that this request is overly broad, unduly burdensome, and beyond the scope of discovery permitted with respect to expert witnesses. *See* Fed. R. Civ. P. 26.

4

9. All Documents, including but not limited to graphics, testing, recordings, spreadsheets, databases, data in any other form, work papers, and notes, whether preliminary or final, prepared by or at Your direction reflecting facts, factual assessments or assumptions, or beliefs relating to any other pelvic mesh cases involving the Prolift, TVT, and TVT-O products.

**RESPONSE:**

Plaintiff objects on the grounds that this request is overly broad, unduly burdensome, and beyond the scope of discovery permitted with respect to expert witnesses. *See* Fed. R. Civ. P. 26. Plaintiff also objects that this request exceeds the scope of permissible discovery as set forth in this Court's Pretrial Order #337, which limits this deposition to case specific matters.

10. All final reports prepared in connection with Your expected testimony in this case.

**RESPONSE:**

Plaintiff refers Defendants to Plaintiff's Designation and Disclosure of Case-Specific Expert Witnesses and the attachments and supplementations thereto previously produced.

11. All final reports prepared in connection with Your role as a testifying expert in any other pelvic mesh cases involving Prolift, TVT, TVT-O, and/or other pelvic mesh products.

**RESPONSE:**

Plaintiff objects on the grounds that this request is overly broad, unduly burdensome, and beyond the scope of discovery permitted with respect to expert witnesses. *See* Fed. R. Civ. P. 26. Plaintiff also objects that this request exceeds the scope of permissible discovery as set forth in this Court's Pretrial Order #337, which limits this deposition to case specific matters.

12. All Documents, including reports, summaries of data, studies, or other Documentation, reflecting testing done by You relating to this case.

**RESPONSE:**

Plaintiff objects on the grounds that this request is overly broad, unduly burdensome, and beyond the scope of discovery permitted with respect to expert witnesses. *See* Fed. R. Civ. P. 26.

13.   All Documents, including reports, summaries of data, studies, or other Documentation, reflecting testing done by You relating to any other pelvic mesh case involving Prolift, Prolift+M, Prosima, TVT, TVT-O, and/or other pelvic mesh products.

**RESPONSE:**

Plaintiff objects on the grounds that this request is overly broad, unduly burdensome, and beyond the scope of discovery permitted with respect to expert witnesses. *See* Fed. R. Civ. P. 26. Plaintiff also objects that this request exceeds the scope of permissible discovery as set forth in this Court's Pretrial Order #337, which limits this deposition to case specific matters.

14.   All Documents related to any physical examination or treatment by You of the Plaintiff.

**RESPONSE:**

No such documents exist.

15.   Any and all Documents relating to or reflecting any communication involving You and any of the Plaintiff's health care providers.

**RESPONSE:**

Plaintiff objects on the grounds that this request is overly broad, unduly burdensome, and beyond the scope of discovery permitted with respect to expert witnesses. *See* Fed. R. Civ. P. 26.

16.     Any and all Documents relating to or reflecting any communication involving You and any of the Plaintiff's other experts, including but not limited to other experts' disclosures, reports, or deposition testimony that You have been provided.

**RESPONSE:**

Plaintiff objects on the grounds that this request is overly broad, unduly burdensome, and beyond the scope of discovery permitted with respect to expert witnesses. *See* Fed. R. Civ. P. 26.

17.     Any and all Documents, records, literature and data or information of any kind reviewed or considered by or made available to You, whether You did or did not rely on such Documents, records, literature and data or information.

**RESPONSE:**

Plaintiff objects on the grounds that this request is overly broad, unduly burdensome, and beyond the scope of discovery permitted with respect to expert witnesses. *See* Fed. R. Civ. P. 26.

18.     All literature, published or unpublished, consulted by You in connection with Your opinions in this case, including all literature that supports or fails to support Your opinions.

**RESPONSE:**

Plaintiff objects on the grounds that this request is overly broad, unduly burdensome, and beyond the scope of discovery permitted with respect to expert witnesses. *See* Fed. R. Civ. P. 26. Subject to and without waiving the foregoing objections, Plaintiff refers Defendants to Dr. Ostergard's report in this case, which was previously produced.

19.     All depositions, pleadings, court opinions, or other records that were summarized for You or otherwise made available for Your review in connection with Your expected testimony in this

7

case or in any pelvic mesh case involving the Prolift, Prolift +M, Prosima, TVT, TVT-O and other Ethicon pelvic mesh products.

**RESPONSE:**

Plaintiff objects on the grounds that this request is overly broad, unduly burdensome, and beyond the scope of discovery permitted with respect to expert witnesses. *See* Fed. R. Civ. P. 26. Plaintiff also objects that this request exceeds the scope of permissible discovery as set forth in this Court's Pretrial Order #337, which limits this deposition to case specific matters.

20. All photographs or other images, including photos of the Plaintiff or products, taken by or for You that relate to Your opinions in this case.

**RESPONSE:**

No such documents exist.

21. All graphics or charts prepared by You or at Your direction for use at deposition and/or trial in this case.

**RESPONSE:**

Plaintiff objects on the grounds that this request is overly broad, unduly burdensome, and beyond the scope of discovery permitted with respect to expert witnesses. *See* Fed. R. Civ. P. 26. Subject to and without waiving the foregoing objections, Plaintiff refers Defendants to Dr. Ostergard's report in this case, which was previously produced.

22. Any Ethicon products in Your possession or Ethicon products belonging to You that You have placed in the possession of others.

**RESPONSE:**

Plaintiff objects on the grounds that this request is overly broad, unduly burdensome, and beyond the scope of discovery permitted with respect to expert witnesses. *See* Fed. R. Civ. P. 26. Plaintiff also objects that this request exceeds the scope of permissible discovery as set forth in this Court's Pretrial Order #337, which limits this deposition to case specific matters.

23.     All Documents, including but not limited to protocols, interim results, reports of adverse events, informed consents, investigator brochures, final results, publications, materials and minutes for any study meeting, and communications with patients, health authorities, sponsors, investigators, or institutional review boards, relating to any clinical trial and/or epidemiological study concerning pelvic mesh, pelvic organ prolapse, or stress urinary incontinence in which You participated in any capacity, such as an investigator, safety monitor, advisor, or study committee member.

**RESPONSE:**

Plaintiff objects on the grounds that this request is overly broad, unduly burdensome, and beyond the scope of discovery permitted with respect to expert witnesses. *See* Fed. R. Civ. P. 26. Plaintiff also objects that this request exceeds the scope of permissible discovery as set forth in this Court's Pretrial Order #337, which limits this deposition to case specific matters.

24.     All Documents or communications relating to any publications, proposed publications, or draft submissions for publication authored by You relating to pelvic mesh, pelvic organ prolapse, or stress urinary incontinence.

**RESPONSE:**

Plaintiff objects on the grounds that this request is overly broad, unduly burdensome, and beyond the scope of discovery permitted with respect to expert witnesses. *See* Fed. R. Civ. P. 26. Plaintiff also objects that this request exceeds the scope of permissible discovery as set forth in this Court's Pretrial Order #337, which limits this deposition to case specific matters.

25.     All Documents relating to presentations or lectures given by You or to which You contributed relating to pelvic mesh products, pelvic organ prolapse, and/or stress urinary incontinence.

**RESPONSE:**

Plaintiff objects on the grounds that this request is overly broad, unduly burdensome, and beyond the scope of discovery permitted with respect to expert witnesses. *See* Fed. R. Civ. P. 26. Plaintiff also objects that this request exceeds the scope of permissible discovery as set forth in this Court's Pretrial Order #337, which limits this deposition to case specific matters.

26.     All communications from or to You relating to any professional medical society with respect to pelvic mesh, pelvic mesh products, pelvic organ prolapse, stress urinary incontinence, position statements, studies, editorials, and/or publications.

**RESPONSE:**

Plaintiff objects on the grounds that this request is overly broad, unduly burdensome, and beyond the scope of discovery permitted with respect to expert witnesses. *See* Fed. R. Civ. P. 26. Plaintiff also objects that this request exceeds the scope of permissible discovery as set forth in this Court's Pretrial Order #337, which limits this deposition to case specific matters.

27.     Copies of any letters, brochures, promotions, websites, or other Documents in which You advertise or discuss Your work or availability as an expert or consultant in litigation.

**RESPONSE:**

Plaintiff objects on the grounds that this request is overly broad, unduly burdensome, and beyond the scope of discovery permitted with respect to expert witnesses. *See* Fed. R. Civ. P. 26. Plaintiff also objects that this request exceeds the scope of permissible discovery as set forth in this Court's Pretrial Order #337, which limits this deposition to case specific matters.

28.     Copies of the syllabus and texts used in any classes taught by You in the past five Years regarding mesh products.

**RESPONSE:**

Plaintiff objects on the grounds that this request is overly broad, unduly burdensome, and beyond the scope of discovery permitted with respect to expert witnesses. *See* Fed. R. Civ. P. 26. Plaintiff also objects that this request exceeds the scope of permissible discovery as set forth in this Court's Pretrial Order #337, which limits this deposition to case specific matters.

29.     All transcripts of prior testimony, statements or presentations given by You in any proceeding before the Food and Drug Administration, the Drug Enforcement Agency, the United States House of Representatives, Wall Street, Financial Analysis, national Pharmaceutical Association Meetings, and on local or national television.

**RESPONSE:**

Plaintiff objects on the grounds that this request is overly broad, unduly burdensome, and beyond the scope of discovery permitted with respect to expert witnesses. *See* Fed. R. Civ. P. 26. Plaintiff also objects that this request exceeds the scope of permissible discovery as set forth in this Court's Pretrial Order #337, which limits this deposition to case specific matters.

30.     A copy of Your complete file in this case.

**RESPONSE:**

Plaintiff objects on the grounds that this request is overly broad, unduly burdensome, and beyond the scope of discovery permitted with respect to expert witnesses. *See* Fed. R. Civ. P. 26. The materials relied upon have been previously disclosed. Plaintiff refers Defendants to Plaintiff's Designation and Disclosure of Case-Specific Expert Witnesses and the attachments and supplementations thereto previously produced.

31.     Any communications between You and counsel for the Plaintiff, to the extent that such communications:

    a.     Relate to Your compensation;

    b.     Identify facts or data that You were provided and that You considered in forming Your opinions; or

    c.     Identify assumptions that Plaintiff's counsel provided You and that You relied on in forming Your opinions.

**RESPONSE:**

Plaintiff will produce responsive documents, if any exist.

32.     Any and all documents, including time sheets, time records, invoices, billing records, and payments (including outstanding time which has not been billed) that record or document that work performed, time spent, and all payments received by You in connection with any and all cases involving pelvic mesh products.

**RESPONSE:**

Plaintiff objects on the grounds that this request is overly broad, unduly burdensome, beyond the scope of discovery permitted with respect to expert witnesses and seeks information that is not

relevant to this case. *See* FED. R. CIV. P. 26. Plaintiff also objects that this request exceeds the scope of permissible discovery as set forth in this Court's Pretrial Order #337, which limits this deposition to case specific matters. Finally, Plaintiff objects to producing documents, including billing, regarding any Plaintiff other than Ms. Mallow. Such documents are not within the possession, custody or control of Ms. Mallow, and Dr. Ostergard is not authorized by his other clients to produce their documents. Plaintiff will produce bills generated to date for this case, if any exist.

33.     All Documents reflecting, for the five-year period before Your deposition, for all lawsuits or legal proceedings in any court or agency in which any plaintiff or other claimant alleged injury caused by any pelvic mesh product:

   a.   The total number of hours You worked as an expert witness or litigation consultant.
   b.   The hourly rate You charged or will charge those plaintiffs or claimants or the range of hourly rates if the rate varied over time or from one case to another.
   c.   Any fee arrangements You have or had with any of those plaintiffs or claimants other than payment of an hourly fee.
   d.   The total dollar amount You billed to all of those plaintiffs or claimants combined.
   e.   The total dollar amount You were paid by all of those plaintiffs or claimants combined.
   f.   The total dollar amount You have accrued but have not yet billed to all of those plaintiffs or claimants combined.
   g.   The total dollar amount of additional fees You expect to receive in the future from all of those plaintiffs or claimants combined.

**RESPONSE:**

Plaintiff objects on the grounds that this request is overly broad, unduly burdensome, beyond the scope of discovery permitted with respect to expert witnesses and seeks information that is not relevant to this case. *See* FED. R. CIV. P. 26. Plaintiff also objects that this request exceeds the

scope of permissible discovery as set forth in this Court's Pretrial Order #337, which limits this deposition to case specific matters. Finally, Plaintiff objects to producing documents, including billing, regarding any Plaintiff other than Ms. Mallow. Such documents are not within the possession, custody or control of Ms. Mallow, and Dr. Ostergard is not authorized by his other clients to produce their documents. Plaintiff will produce bills generated to date for this case, if any exist.

Dated: October 23, 2019

Respectfully submitted,

*/s/ Laura J. Baughman*
Laura J. Baughman
Texas State Bar No. 00791846
Ben C. Martin
Texas State Bar No. 13052400
**MARTIN | BAUGHMAN, PLLC**
3710 Rawlins Street, Suite 1230
Dallas, Texas 75219
Office: 214.761.6614
Fax: 214.744.7590
lbaughman@martinbaughman.com
bmartin@martinbaughman.com

**ATTORNEYS FOR THE PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that on October 23, 2019, I electronically filed the foregoing document with Clerk of the Court using the CM/ECF system which will send notification of such filing to CM/ECF participants registered to receive service in this MDL.

> /s/ Laura Baughman
> Laura J. Baughman

# EXHIBIT A

**EXHIBIT A**

Dr. Ostergard was provided with the following medical records for Dawna Mallow:

    A New Beginning Women's Health Care
    Access Endocrine
    Columbia Presbyterian Hospital
    Diabetes Mellitus and Thyroid Center
    Holloway Group
    Mercy Clinic Moore
    Moore Medical Center
    Norman Regional Health Hospital and Health System
    Oklahoma Female Pelvic Medicine and Reconstructive Surgery Clinic
    Oklahoma Spine Hospital
    Physical Therapy Central
    Renaissance Women's Clinic
    Summit Medical Center
    University of Oklahoma Medical Center
    University of Oklahoma Physicians
    Women's Health Physical Therapy
    Women's Pelvic and Bladder Health