# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAWNA MALLOW, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-20-01172-PRW |
| | ) |
| ETHICON, INC. and JOHNSON & JOHNSON, | ) ) |
| | ) |
| Defendants. | ) |

## **ORDER**

Plaintiff Dawna Mallow submitted a handwritten letter to the Court (Dkt. 122). Ms. Mallow has been proceeding in this matter *pro se* after failing to obtain new counsel following the withdrawal of her previous counsel for irrevocable breakdown of communication. Ms. Mallow failed to respond to the Defendants' previous motion for leave by the ordered January 14 deadline and has not yet responded to the Defendants' pending motion for summary judgment (Dkt. 121).

It has long been the rule that *pro se* pleadings, including complaints and filings connected with summary judgment, are to be "construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[1] As such, the Court looks beyond failure to cite proper legal authority, confusion of legal theories, and poor syntax

---

[1] *Smith v. Comm. of Social Security*, 2021 WL 4471616, at *1 (W.D. Okla. Sept. 29, 2021) (quoting *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005)).

1

or sentence construction.[2] Yet this does not absolve the *pro se* party of the duty to construct her own arguments or theories, and it does not require the Court to assume the role of the advocate for the *pro se* party.[3]

Here, Ms. Mallow's handwritten letter is dated January 20, 2022—well past the deadline to respond to Defendants' motion for leave—and addresses neither the motion to leave nor the currently pending motion for summary judgment. Review of the legible portions of the letter indicates that Ms. Mallow asks the Court to do certain things, and so the Court construes the letter to be a motion. Ms. Mallow generally asks the Court to: (1) "Remove MDL Status," (2) "Remove . . . any countersuit . . . or adverse judgment," (3) "Remove State of limit (sic) on my case," and (4) order "a RoundTable w/ . . . the J&J CEO . . . To Discuss." The Court attempts to address these requests in order.

*First*, this case was transferred to this Court on November 19, 2020, and has not been under MDL status since that time. *Second*, there is no countersuit or adverse judgment currently against Ms. Mallow, although the Court also notes that Ms. Mallow cannot avoid a future adverse summary judgment if she presents no arguments responding to the merits of Defendants' motion. *Third*, any applicable statute of limitations may not be removed or avoided simply at Ms. Mallow's request. A *pro se* plaintiff must still "follow the same rules of procedure that govern other litigants,"[4] including abiding by statutes of limitations. Ms. Mallow may certainly submit arguments on why the statutes of limitations should not bar

---

[2] *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[3] *See id.*

[4] *Garrett*, 425 F.3d at 840.

her claims, but she may not avoid application of the statutes of limitations simply by making a conclusory request. *Fourth*, the request for a roundtable might be liberally construed as a request for mediation. But even court-ordered mediation does not guarantee a personal meeting with the chief executive officer of Johnson & Johnson. Furthermore, the Court has been presented with no compelling reason to order mandatory mediation now, after five-and-a-half years during which mediation was not sought.

Ms. Mallow claims she did not know that her case had been removed to this Court, and that she therefore needs more time to review the case. Yet this directly contradicts the record, as this case has been before this Court since 2020 and Ms. Mallow's attorneys appeared before the Court and submitted a variety of filings on her behalf during that time. Ms. Mallow also "Request[s] no more attempts by . . . the Defenses' motions to deny me Right to protect myself" and states that she doesn't "kno (sic) HOW to Answer." Yet neither of these statements offers a basis for the Court to act. The Defendants' motions seek to resolve disputes on the legal rights and duties of the parties, a completely normal process in litigation. To the extent that Ms. Mallow may not know how to answer, she may still obtain counsel to answer on her behalf. But otherwise, her "*pro se* status, in of itself, [will] not prevent this court from granting summary judgment" if summary judgment is warranted.[5]

Having liberally construed Ms. Mallow's letter, the Court determines that Ms. Mallow's letter contains no information material to the resolution of any pending motion

---

[5] *Hammad v. Bombardier Learjet, Inc.*, 192 F. Supp. 2d 1222, 1229 (D. Kan. March 29, 2002).

in this case nor seeks any relief that the Court should grant. Accordingly, the Court **DENIES** this motion (Dkt. 122). Due to the extended response deadline previously granted, Ms. Mallow may respond to Defendants' Supplemental Motion for Summary Judgment (Dkt. 121) on or before February 11, 2022.

**IT IS SO ORDERED** this 27th day of January 2022.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE