# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAWNA MALLOW, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. CIV-20-01172-PRW |
| ETHICON, INC., et al. | ) ) ) |
| Defendants. | ) ) |

## **DEFENDANTS' RESPONSE TO PLAINTIFF'S FEBRUARY 11 MOTION**

Defendants Ethicon, Inc. and Johnson & Johnson submit this response to Plaintiff Dawna Mallow's handwritten motion filed on February 11, 2022. (Doc. 124.)

To the extent Plaintiff is requesting a reasonable extension to respond to Defendants' Supplemental Motion for Summary Judgment on the Statute of Limitations (Doc. 121), Defendants do not oppose and propose a two-week extension from February 11, the original deadline to respond, (*see* Doc. 123 at 4), to February 25, 2022.

A longer extension would not be reasonable because: (1) Plaintiff has already been granted an extended response deadline to Defendants' summary judgment motion, (*see* Doc. 120 at 1); (2) Plaintiff has already had an opportunity to seek legal counsel to assist her on this case since October 28, 2020, (*see* Order Granting Plaintiff's Counsel's Motion to Withdraw as Attorney of Record, Doc. 117); and (3) even more leeway on this responsive deadline may further delay Plaintiff's response to Defendants' outstanding

1

requests for her authorization forms and could impact their ability to conduct the fact discovery needed to timely serve expert reports, (*see* Scheduling Order, Doc. 115 at 2).

To the extent Plaintiff is requesting an extension to respond to Defendants' January 6 Motion for Leave (Doc. 118) or a reconsideration of the Court's January 7 Order granting Defendants' Motion for Leave (Doc. 119), Defendants oppose because Plaintiff's motion is long overdue and does not meet the criteria for granting extensions or relief from judgments under any rules of procedure.

While Plaintiff is entitled to have the form of her pleadings construed liberally, she must still adhere to the same rules, requirements, and timelines as any other litigant. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (holding a *pro se* plaintiff must still "follow the same rules of procedure that govern other litigants").

Dated: February 16, 2022                Respectfully submitted,

                                        <u>s/Amy Sherry Fischer</u>
                                        Larry D. Ottaway-OBA# 6816
                                        Amy Sherry Fischer-OBA# 16651
                                        Peyton McMillin-OBA# 34721
                                        FOLIART, HUFF, OTTAWAY & BOTTOM
                                        201 Robert S. Kerr Avenue, 12th Floor
                                        Oklahoma City, Oklahoma  73102
                                        Telephone:  (405) 232-4633
                                        Fax:  (405) 232-3462
                                        larryottaway@oklahomacounsel.com
                                        amyfischer@oklahomacounsel.com
                                        peytonmcmillin@oklahomacounsel.com

                                        *Attorneys for Defendants*
                                        *Ethicon, Inc. and Johnson & Johnson*

## CERTIFICATE OF SERVICE

 I hereby certify that on this 16th day of February, 2022, I filed the attached document with the Clerk of the Court and served the attached document via United States postal service, postage prepaid, on the following, who is not a registered participant of the ECF System:

Ms. Dawna Mallow
701 SW 27th St.
Moore, OK 73160-5522

*Plaintiff, pro se*

        *s/ Amy Sherry Fischer*
        Amy Sherry Fischer

63310347.v1